[941 NYS2d 226]

In the Matter of Lewis R. Wiener, an Attorney, Respondent. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, Petitioner.

Second Department, April 3, 2012

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Thomas Graham Amon* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order of the Supreme Court of California dated and filed July 22, 2010, the respondent was disbarred from the practice of law in that state, and his name was stricken from the roll of attorneys. The order of disbarment was based on a "Decision Including Disbarment Recommendation and Involuntary Enrollment Order," filed March 17, 2010, issued by the State Bar Court of California (hereinafter the State Bar Court), following a trial.

The respondent was admitted to the California Bar on December 21, 1967.

On December 12, 2004, the respondent signed a stipulation in the State Bar Court in case No. 03-0-02167, in which he admitted various professional misconduct (*e.g.,* not performing services competently, improperly withdrawing from employment, not communicating with the client, and not cooperating in the investigation in one client matter).

On May 19, 2005, the Supreme Court of California filed an order (1) suspending the respondent from the practice of law for a period of two years and until he showed proof satisfactory to the State Bar Court of his rehabilitation, fitness to practice, and learning and ability in the general law, (2) staying imposition of the suspension, and (3), inter alia, placing the respondent on probation for a period of three years upon certain conditions, including an actual suspension for a period of 90 days. The order became effective June 18, 2005. The respondent received a copy of the order dated May 19, 2005. On March 13, 2008, the California Office of Probation filed and served on the respondent a motion to revoke probation based on, inter alia, his failure to timely submit quarterly reports. The respondent failed to respond to the motion or participate in the proceedings. On May 7, 2008, the State Bar Court issued an order granting the motion to revoke probation. On August 8, 2008, the Supreme Court of California issued an order in State Bar case No. 08-PM-11072 revoking the respondent's probation and lifting the previously granted stay, and actually suspended him for a period two years and until he complied with standard 1.4 (c) (ii) of the California Standards for Attorney Sanctions for Professional Misconduct. He was also directed to comply with rule 9.20 of the California Rules of Court (hereinafter rule 9.20), by performing the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days, respectively, after the effective date of the order. The

order issued August 8, 2008, became effective on September 7, 2008.

Although the respondent received the order issued August 8, 2008, he did not comply with rule 9.20 (c) by October 17, 2008, as required. On February 24, 2009, the respondent contacted the California Office of Probation. He was advised of his noncompliance with certain probation provisions and with rule 9.20. A written letter dated February 24, 2009, advised the respondent of his noncompliance, and reminded him of other required filings, which were late. A copy of the rule and blank quarterly report forms were enclosed. This letter was e-mailed to the respondent the same day, along with attachments. The respondent received both the letter and the e-mail message.

On April 7, 2009, the Office of Chief Trial Counsel for the State Bar of California sent a letter to the respondent inviting him to a meeting to discuss the disciplinary matter arising from his noncompliance with rule 9.20. The respondent did not respond to the letter.

On May 19, 2009, the Office of Chief Trial Counsel for the State Bar of California filed a notice of disciplinary charges (hereinafter NDC) against the respondent. On June 24, 2009, a second copy of the letter dated February 24, 2009, was sent to the respondent. On June 24, 2009, the respondent filed a rule 9.20 declaration in the State Bar Court's San Francisco venue, and filed the same in the Los Angeles venue the next day. On June 24, 2009, the respondent filed a response to the NDC. Following a trial on December 1, 2009, the State Bar Court concluded that the evidence established clearly and convincingly that the respondent willfully violated the order of the Supreme Court of California dated August 8, 2008, directing his compliance with rule 9.20. His noncompliance constituted a violation of rule 9.20 (d), which made the willful noncompliance with rule 9.20 a cause for disbarment, suspension, or revocation of probation.

The State Bar Court noted the respondent's illness, and that of his wife and mother, as mitigating circumstances. More significant were the aggravating circumstances, which consisted of five prior disciplinary matters. The State Bar Court recommended that the respondent be disbarred in light of his disciplinary record, his unwillingness to comply with the professional obligations imposed on California attorneys, and his unexplained willful disobedience of the order of the Supreme Court of California. By order dated and filed July 22, 2010, the

Supreme Court of California disbarred the respondent and struck his name from the roll of attorneys in that state.

A copy of an amended notice pursuant to 22 NYCRR 691.3 was served on the respondent on September 20, 2011, via first-class mail. More than 20 days have elapsed since the amended notice was served. The respondent has neither submitted a verified statement in response to the notice nor requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.

Inasmuch as the respondent asserted no defenses to the imposition of reciprocal discipline, the application of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts for the imposition of reciprocal discipline is granted, and the respondent is disbarred in New York based upon his disbarment in California.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and SGROI, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Lewis R. Wiener, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Lewis R. Wiener, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Lewis R. Wiener, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Lewis R. Wiener, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).